UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

COLORTREE GROUP, LLC,

                Plaintiff,

       -v-

AUTOTROL CORPORATION,

                Defendant.

</td><td>

22-CV-5375 (JPO)

<u>ORDER</u>

</td></tr>
</table>

J. PAUL OETKEN, District Judge:

      Plaintiff Colortree Group, LLC ("Colortree") brings this action against Autotrol

Corporation ("Autotrol") asserting breach of contract.  Colortree now moves for a default

judgment.  (ECF Nos. 11, 12.)  For the reasons that follow, the motion is GRANTED.

**I.**     **Background**

      The following background facts are taken from the Complaint (ECF No. 1 ("Compl.")

¶ 1.).  Colortree is a single-member LLC whose member lives in China; Autotrol is a

corporation organized under the laws of Delaware with its principal place of business in Illinois.

(*Id.*)  Between May 2020 and July 2020, Colortree and Autotrol entered into six transactions in

which Autotrol agreed to pay Colortree for plastic bottles manufactured in China with either a

foam or a lotion pump head.  (Compl. ¶ 5; *see also* ECF No. 1-1 (the "Invoices") at 2.)  The

transactions were memorialized by invoices attesting to obligations and remedies in the event of

breach, all of which are appended to the Complaint.  (*See generally* Invoices.)  The invoice

dealing with the first shipment dated June 28, 2020, totaled $310,000, which Autotrol has paid in

full.  (Compl. ¶ 8.)  The second invoice for a transaction dated July 4, 2020, obligated payment

totaling $186,000, of which Autotrol has paid $93,000, resulting in a remaining balance of

$93,000.  (Compl. ¶ 9.)  The third invoice, for a transaction dated July 12, 2020, obligated

payment totaling $177,000, of which Autotrol has paid $88,500, resulting in a remaining balance of $88,500.  (Compl. ¶ 10.)  The fourth invoice, for a transaction dated July 19, 2020, obligated payment totaling $166,096.80, of which Autotrol has paid $75,000, resulting in a remaining balance of $91,096.80.  (Compl. ¶ 11.)  The fifth invoice, for a transaction dated July 4, 2020, obligated payment totaling $209,250, of which Autotrol has paid $200,338.74, resulting in a remaining balance of $8,911.20.  (Compl. ¶ 12.)  The sixth invoice, for a transaction dated June 1, 2020, obligated payment totaling $330,000, of which Autotrol has paid nothing.  (Compl. ¶ 13.)  Autotrol accepted each shipment without objection.  (Compl. ¶ 16.)  Autotrol thus owes a balance of $601,508.06 to Colorgroup.  (Compl. ¶ 14.)

On June 24, 2022, Colorgroup filed this action.  (*See* Compl. ¶ 1.)  Autotrol was served on July 15, 2022, and its answer was due on August 15, 2022.  (ECF No. 5.)  However, Autotrol never appeared or answered.  On November 18, 2022, Colorgroup filed a proposed Clerk's certificate of default (ECF No. 7), which was issued that same day (ECF No. 10).  Colortree then moved for default judgment; Autotrol was served with default papers on January 31, 2023.  (ECF Nos. 12, 12-1.)  On May 24, 2023, the Court issued a text order informing Autotrol that failure to respond to Colortree's motion for default judgment would result in the Court's treating the motion as unopposed and entering judgment in favor of the Plaintiff.  (ECF No. 15.)  This warning, too, was served on Autotrol.  (ECF No. 16.)  But Autotrol still has not appeared.

## II.   Discussion

A party "against whom a judgment for affirmative relief is sought" is in default when it "has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  As a "default is an admission of all well-pleaded allegations against the defaulting party . . . a district court must accept as true all of the factual allegations of the non-defaulting party and draw all reasonable inferences in its

favor." *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014). Nonetheless, a district court must "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Id.* (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)). "[A] default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability." *Id.* (quoting *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973)). A court may "issue an injunction on a motion for default judgment upon a showing by the moving party that it is entitled to injunctive relief under the applicable statute, and that it meets the prerequisites for the issuance of an injunction." *United States v. Thomas*, No. 18 Civ. 1104, 2019 WL 121678, at *6 (E.D.N.Y. Jan. 7, 2019) (quoting *Kennedy v. Medgen, Inc.*, No. 14 Civ. 5843, 2016 WL 6585812, at *5 (E.D.N.Y. Apr. 19, 2016)).

Colortree has raised several liability theories, but the differences among them are immaterial because they all seek the same objective: compensatory money damages of $601,508.06. (Compl. ¶¶ 20, 22, 30, 38.) Colortree explicitly disclaims "any pre-judgment interest or attorney's fees" and "only seeks cost for the filing fee in the amount of $402.00," which the Court orders shall be remitted to Colortree. The Court concludes that based on the well-pleaded allegations in Colortree's complaint, Autotrol's liability has been established as a matter of law and that Colorgroup is entitled to the relief it seeks.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion for default judgment is GRANTED. Colortree is awarded judgment against Autotrol requiring Autotrol to pay $601,508.06, plus $402.00, for a total of $601,910.06, to Colortree. (Compl. ¶ 38.)

This Clerk of Court shall enter judgment accordingly.

The Clerk of the Court is respectfully directed to close the motions at ECF No. 11 and

ECF No. 12 and, further, to close this case.

SO ORDERED.


Dated: June 8, 2023
       New York, New York

_____
        J. PAUL OETKEN
    United States District Judge

4